## Kennedy v. Pocono Mountain Lake Estates Community Association

*Jeffrey G. Velander,* for plaintiff.
*John T. Stieh,* for defendants.

THOMSON, *J.,* May 27, 1980—The within matter comes before us on defendants' preliminary objections to plaintiff's civil action in our Orphans' Court Division, styled a "complaint" therein, alleging illegality of certain actions by individual defendants during their tenure as members of the Board of Directors of the Pocono Mountain Lake Estates Community Association. The complaint also alleges various instances of malfeasance of the said directors while acting in the said office. These

preliminary objections having been briefed and argued, we may now rule on same.

Serially, the first objection of defendants is that the pleading as filed is not in conformity with the law in that the mandates of 15 Pa.C.S.A. §7783(a) state that validity of actions by nonprofit corporations shall be heard and determined upon petition, and the said pleading is captioned a "complaint." Plaintiff conceded that defendants are correct in so stating the law, but plaintiff seeks an amendment of the pleading to correct this procedural error. We feel that this would be appropriate based on the proposition of liberal construction of the Orphans' Court Rules set forth by Pa. O.C. Rule 2.1, which rule is similar in content to Pa.R.C.P. 126.

Next, defendants request that plaintiff's complaint be stricken for lack of conformity to rule of court by failing to attach certain writings thereto. Few of the paragraphs objected to would appear to be deficient. We feel it would be a perversion of Pa.R.C.P. 1019(h) to require that copies of corporate defendant's own bylaws be attached to the complaint. Surely, the corporate defendant has a copy of its own bylaws, and the relevant parts of the text thereof are set forth in the body of plaintiff's complaint. The purpose of this rule is to insure notice to the opposing party of what he must defend against: Penna. Water & Power Co. v. Garner, 72 Dauph. 212 (1958). We feel that plaintiff's complaint adequately apprises defendants in this regard.

Two other paragraphs complained of apparently refer to an oral list of nominees for the Board of Directors of the said Association. A subparagraph of Paragraph 29 deals with an oral contract. Only with regard to subparagraphs 29(b), 29(c), 29(e)

and 29(i) do we see a violation of the said rule. Plaintiff states in his brief that the first three said subparagraphs refer to writings in defendants' possession, which writings are not available to him, and the last subparagraph refers to notices and absentee ballots which are not attached. Hence, we will give plaintiff leave to amend the pleading to correct these comparatively minor defects and to attach the said writings where appropriate, or to explain the absence of same where such is the case.

The final objection of defendants which has been preserved through brief and argument for our decision is in the nature of a demurrer to Count IV of plaintiff's complaint, which seeks to void the election of individual defendants as directors of the corporate defendant, for two reasons: (1) the alleged lack of qualification of the said individuals to serve as directors; and (2) the failure of individual defendant Celantano, acting as chairman of the board, to accept nominations from the floor for the said directorships at the annual meeting of the corporation membership.

Plaintiff bases his prayer for relief upon sections 7783 and 7726(c) of the Corporation Not-for-profit Code, 15 Pa.C.S.A. §§7783 and 7726(c), respectively. The said section 7726(c) provides as follows:

"(c)  By the court.—The court may, upon petition of any member or director, remove from office any director in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, or for any other proper cause, and may bar from office any director so removed for a period prescribed by the court. The corporation shall be made a party to such action."

Defendants have argued that the court lacks the power to grant any of the relief prayed for in Count IV of plaintiff's complaint, save the removal of directors from office under section 7726(c). Defendants contend that until such action is taken, the directors serve as such, and no action as to their past deeds in office may be taken. While the wording of the statute in question is ambiguous as to this point, we feel that the most reasonable construction thereof would indicate a contrary conclusion. Section 7783(b) provides that where the court entertains a petition to determine the validity of a corporate action, it may make such an order "as may be just and proper." The said subsection also refers to the calling of a meeting under section 7782, if a determination is made that no valid corporate action has been taken. Under such circumstances, we feel that the relief sought by petitioner would be appropriate in this case, if supported by the factual allegations thereof.

Defendants further specifically object to plaintiff's complaint that no nominations were allowed to be made from the floor at the annual meeting, stating that the bylaws make no provisions for making such nominations. Again, we find an ambiguity. While the bylaws provide only that nominations will be accepted at the May board meeting, they do not, in so many words, preclude nominations from being accepted at other times. Also, as we read plaintiff's complaint, a waiver situation may exist as to the bylaws. Hence, we feel that an evidentiary problem is presented, which problem must be resolved by a hearing on the merits.

Defendants have also objected that certain parties are not properly joined in this action, as they were not directors at the time the complaint was filed. Plaintiff's reply is that Rule 1028(c) (cited

incorrectly in plaintiff's brief as Rule "121028(c)") governs. While plaintiff's position is technically correct, we feel that the parties should be able to agree who the directors of the corporation are. In like manner, we would recommend that the other disputes of this lawsuit be discussed at length by counsel. To our mind, the within lawsuit is merely a somewhat enlarged version of the many petty neighborhood squabbles which beleaguer us ad tedium and ad nauseam. Such matters are always better resolved amicably than by resort to the courts. Counsel are urged to attempt such an amicable resolution of the within situation.

In the interim, we issue the following

## ORDER

And now, May 27, 1980, defendants' preliminary objection I is sustained. Preliminary objection II is sustained as to subparagraphs 29(b), 29(c), 29(e) and 29(i); otherwise it is dismissed. Preliminary objection III is dismissed as being withdrawn by failure of the moving party to brief or argue same. Preliminary objection IV is hereby dismissed.

Plaintiff is given 20 days from date to file an amended complaint.